1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
    *jim.wagoner@mccormickbarstow.com*
3  Aaron T. Knapp, #221289
    *aaron.knapp@mccormickbarstow.com*
4  Morgan D. Day, #328227
    *morgan.day@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:     (559) 433-1300
   Facsimile:      (559) 433-2300
7
   Attorneys for Plaintiff GOVERNMENT
8  EMPLOYEES INSURANCE COMPANY

9              UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  GOVERNMENT EMPLOYEES            Case No. 3:19-cv-01302
    INSURANCE COMPANY,
13                                  **GOVERNMENT EMPLOYEES**
              Plaintiff,            **INSURANCE COMPANY'S NOTICE OF**
14                                  **MOTION AND MOTION FOR**
         v.                         **SUMMARY JUDGMENT**
15
    ANSHUMAN S. NADKARNI, an individual;
16  RENUKA NADKARNI, an individual,    Date:    April 23, 2020
                                        Time:    9:30 a.m.
17            Defendants.              Judge:   Hon. Laurel Beeler
                                        Courtroom: B (15th Floor)
18

19        **NOTICE OF MOTION FOR SUMMARY JUDGMENT & RELIEF SOUGHT**

20        PLEASE TAKE NOTICE THAT on April 23, 2020, at 9:30 A.M. or as soon thereafter as the

21  matter may be heard, in Department B (15th Floor) of the above-entitled Court, located at 450 Golden

22  Gate Avenue, San Francisco, CA 94102, Plaintiff Government Employees Insurance Company

23  ("GEICO") will and hereby does move the Court for summary judgment pursuant to Federal Rules of

24  Civil Procedure, Rule 56, and Civil Local Rules, Rule 56.1.

25        This Motion seeks an order granting summary judgment in favor of GEICO on the  First

26  Amended Complaint's Second Cause of Action (Duty to Indemnify) and Third Cause of Action (Right

27  to Reimbursement). GEICO brings this Motion on the ground that no genuine dispute as to any

28  material fact exists concerning (1) whether GEICO has a Duty to Indemnify Defendants Anshuman S.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1                                                        Case No. 3:19-cv-01302
GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1  Nadkarni and Renuka Nadkarni under the GEICO Personal Umbrella Policy for their liability in the

2  underlying action for wrongful eviction filed against them entitled *Venegas, et al. v. Nadkarni, et al.,*

3  S.F. Sup., No. CGC-18-571212 (the "*Venegas* Action"), and (2) whether GEICO is entitled to

4  reimbursement from said Defendants of all defense fees and costs incurred in the *Venegas* Action.

5  This Motion follows the Court's July 11, 2019 Order denying Defendants' Motion for Judgment on

6  the pleadings in which the Court concluded that all of the relevant events alleged in the *Venegas*

7  Action occurred before the policy's May 2019 effective date and the Court's November 22, 2019

8  grant of GEICO's Motion for Partial Summary Judgment on the First Cause of Action (Duty to

9  Defend), in which the Court held "the 'occurrence' of the eviction was demonstrably before" the

10 policy's May 8, 2019 effective date.  July 11, 2019 Order at 11:10-14 (Doc. No. 26); November 22,

11 2019 Order at 14: 17; 12: 21 (Doc. No. 50).

12      GEICO is entitled to summary judgment on the Second Cause of Action for Indemnity because

13 the *Venegas* Action does not fall within the GEICO's policy's coverage, and under California Law,

14 "where there is no duty to defend there *cannot* be a duty to indemnify." <u>Certain Underwriters at

15 Lloyd's of London v. Superior Ct</u>., 24 Cal.4th 945, 958, 03 (2001).

16      With respect to the Third Cause of Action for Reimbursement of Defense Costs, GEICO,

17 having agreed to fund the defense of the *Venegas* Action on behalf of its insured under a full and

18 complete reservation of rights, is now entitled under the California Supreme Court's holding in

19 <u>Scottsdale Ins. Co. v. MV Transportation</u>, 36 Cal. 4th 643, 658 (2005) to an order requiring

20 Defendants to reimburse GEICO for the defense costs it paid on Defendants' behalf as established in

21 the Declaration of Christopher Trumpower submitted concurrently herewith.

22      This Motion is based upon this notice, the Court's July 11, 2019 Order (Doc. No. 26), the

23 Court's November 22, 2019 Order on GEICO's previous Motion for Partial Summary Judgment (Doc.

24 No. 50), the additional points and authorities discussed herein, the Declaration of Christopher

25 Trumpower in Support of GEICO's Motion for Summary Judgment, the Declaration of James

26 Wagoner in Support of GEICO's Motion for Summary Judgment, all the papers, pleadings and

27 records on file herein, and on such other further evidence as the Court may receive in connection with

28 GEICO's reply filings and at the hearing of this motion.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2                                                    Case No. 3:19-cv-01302
GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

**MEMORANDUM OF POINTS & AUTHORITIES**

## TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT ................................................................. 3

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS ............................ 6

    A.   The Facts Alleged In The Complaint Of The Underlying *Venegas* Action And The Facts Made Available To GEICO In Connection With The Defendants' Tender Establish The Wrongful Eviction Took Place Prior To The Inception Of The GEICO Policy ........................................................... 6

    B.   The Facts Uncovered After GEICO's Denial Letter Corroborate The Allegations In The Underlying *Venegas* Action And Show That The Wrongful-Eviction Occurred Prior To The GEICO Policy Period ............................... 7

    C.   The GEICO Action For Declaratory Relief ............................................. 8

    D.   Defendants' Motion For Judgment On The Pleadings And The Court's Order Denying The Same ............................................................................. 9

    E.   GEICO's Motion For Partial Summary Judgment And The Court's Order Granting The Same ................................................................................... 10

    F.   The Underlying *Venegas* Action Has Now Settled And GEICO Has Expended Funds For Defendants' Counsel ............................................................. 12

III. ARGUMENT ................................................................................................ 13

    A.   Applicable Legal Standards .................................................................... 13

        1.   Summary Judgment ....................................................................... 13

    B.   Since GEICO Has No Duty To Defend Because The Eviction Occurred Prior To Its Policy's Inception, It Follows That It Can Have No Duty To Indemnify ..... 13

        1.   Duty to Indemnify ....................................................................... 13

            a.   GEICO Cannot Have A Duty To Indemnify Where The Court Has Already Held There Is No Duty To Defend As A Matter Of Law ................................................................................. 14

            b.   The Court Was Correct In Holding GEICO Has No Duty To Defend ................................................................................... 15

    C.   GEICO Has A Right To Reimbursement As It Funded The Defense Of The *Venegas* Action On Behalf Of Its Insured Under A Full And Complete Reservation Of Rights And The Claims In The *Venegas* Action Were Not Even Potentially Covered ................................................................................... 17

        1.   An Insurer's Right To Reimbursement ....................................... 17

        2.   An Insurer Is Entitled To Prejudgment Interest From The Time The Funds Were Expended ................................................................. 21

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

# TABLE OF CONTENTS
### (Continued)

Page

3.    GEICO Has A Right To Reimbursement Because Defendants' Wrongful Eviction Took Place Prior To The Inception Of The Policy Period, There Was No Potential For Coverage, And GEICO Reserved Its Right To Reimbursement ......................................................................21

IV.    CONCLUSION ................................................................................................23

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

MEMORANDUM OF POINTS & AUTHORITIES

**TABLE OF AUTHORITIES**

Page

**Cases**

Am. Triticale, Inc.v. Ntco Services, Inc.,
    664 F.2d 1136 (9th Cir. 1981) .................................................................................. 13

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ................................................................................................ 13

Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.,
    45 Cal.App.4th 1 (1996) ......................................................................................... 13

Blue Ridge Ins. Co. v. Jacobsen,
    25 Cal. 4th 489 (2001) ............................................................................................ 14

Buss v. Superior Court,
    16 Cal. 4th 35 (1997) ............................................... 6, 13, 14, 17, 18, 19, 20, 23

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ................................................................................................ 13

Certain Underwriters at Lloyd's of London v. Superior Ct.,
    24 Cal.4th 945 (2001) ..................................................................................... 2, 5, 14

Cunningham v. Universal Underwriters,
    98 Cal.App.4th 1141 (2002) ................................................................................... 16

Erickson-Hall Constr. Co. v. Scottsdale Ins. Co.,
    369 F. Supp. 3d 1022 (S.D. Cal. 2019) ........................................................ 5, 14, 15

Evanston Ins. Co. v. OEA, Inc.,
    566 F.3d 915 (9th Cir. 2009) ...................................................................... 6, 21, 23

Fire Insurance Exchange v. Abbott,
    204 Cal.App.3d 1012 (1988) .................................................................................. 15

Golden Eagle Ins. Corp. v. Rocky Cola Cafe, Inc.,
    94 Cal. App. 4th 120 (2001) .................................................................................. 13

Government Employees Insurance Company v. Nadkarni,
    391 F. Supp. 3d 917 (N.D. Cal. 2019) ....................................................... 4, 9, 10, 16

Gray v. Zurich Insurance Co.,
    65 Cal.2d 263 (1966) .............................................................................................. 15

Harper Construction Company, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA,
    377 F. Supp. 3d 1134 (S.D. Cal. 2019) .................................................................. 14

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

**TABLE OF AUTHORITIES**
**(Continued)**

Page

Hartford Accident & Indem. Co. v. Sequoia Ins. Co.,
    211 Cal.App.3d 1285 (1989) ........................................................................................ 21

J&J Holdings, Inc. v. Great Am. E&S Ins. Co.,
    2019 WL 7169789 (C.D. Cal. 2019) ............................................................................ 14

Keenan v. Allan,
    91 F.3d 1275 (9th Cir. 1996) ...................................................................................... 13

Menefee v. Ostawari,
    228 Cal. App. 3d 239 (1991) ................................................................................. 11, 16

Mez Indus., Inc. v. Pac. Nat'l Ins. Co.,
    76 Cal. App. 4th 856 (1999) .................................................................................. 11, 16

Montrose Chemical Corp. v. Superior Court,
    6 Cal.4th 287 (1993) ................................................................................................... 19

Phase II Transportation, Inc. v. Carolina Casualty Insurance Company,
    228 F. Supp. 3d 999 (C.D. Cal. 2017) ......................................................................... 14

Risely v. Interinsurance Exchange of the Automotive Club,
    183 Cal. App. 4th 196 (2010) ..................................................................................... 14

Safeco Ins. Co. of Am. v. Superior Court,
    140 Cal. App. 4th 874 (2006) ...................................................................................... 13

Scottsdale Ins. Co. v. MV Transportation,
    36 Cal. 4th 643 (2005) ........................................................... 2, 5, 18, 19, 20, 22, 23

State Farm Fire & Cas. Co. v. Superior Court,
    191 Cal.App.3d 74 (1987) ........................................................................................... 15

Street Surfing, LLC v. Great Am. E & S Ins. Co.,
    776 F.3d 603 (9th Cir. 2014) ................................................................................. 11, 16

Swain v. California Casualty Ins. Co.,
    99 Cal.App.4th 1 (2002) ...................................................................................... 10, 11, 16

Walbrook Ins. Co. Ltd. v. Goshgarian & Goshgarian,
    726 F.Supp. 777 (C.D. Cal. 1989) .............................................................................. 18

**Statutes**

Civil Code § 2860 ................................................................................................... 8, 22

Civil Code § 3287(a) .................................................................................................. 21

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**TABLE OF AUTHORITIES**
(Continued)

**Page**

**Rules**

Civil Local Rules, Rule 56.1 .......................................................................................... 24

Federal Rules of Civil Procedure, Rule 56 ............................................................ 13, 24

**Regulations**

S.F Admin. Code § 37.9 .................................................................................................. 16

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

## ISSUES PRESENTED

▪ Taking into consideration the grounds for the Court's denial of Defendants' Motion for Judgment on the Pleadings and its grant of GEICO's Motion for Partial Summary judgment holding, as a matter of law, that GEICO does not have a duty to defend Defendants in <u>Venegas, et al. v. Nadkarni, et al</u>. (S.F. Sup. Ct., No. CGC-18-571212) ("*Venegas* Action"), does GEICO have a duty to indemnify Defendants?

▪ <u>Short Answer</u>: No. GEICO has no duty to indemnify Defendants' for their liability for evicting the Plaintiffs in the *Venegas* Action prior to the inception of the GEICO policy as the Court has already held that as a matter of law GEICO has no duty to defend.

▪ Since the alleged eviction took place prior to the policy period and is not even potentially covered, does GEICO have a right to reimbursement for its defense costs incurred in defending the Defendants in the underlying *Venegas* Action?

▪ <u>Short Answer</u>: Yes. GEICO agreed to fund the defense of the *Venegas* Action on behalf of its insureds under a full and complete reservation of rights, it was determined by the Court that no potential for coverage exists because the wrongful eviction occurred before the policy period and Defendants would be unjustly enriched by GEICO's bearing of unbargained-for defense costs.

## I.   <u>SUMMARY OF ARGUMENT</u>

The central insurance coverage question raised in this case is whether the wrongful eviction alleged against Defendants Anshuman and Renuka Nadkarni in the underlying *Venegas* Action occurred during the GEICO policy period which began on May 8, 2018.  In its July 11, 2019 Order Denying Defendants' Motion for Judgment on the Pleadings and in its November 22, 2019 Order granting GEICO's Motion for Partial Summary Judgment, this Court has already answered this question in the negative.

The Court's July 11, 2019 Order Denying Defendant's Motion for Judgment on the Pleadings held that the *Venegas* action did not fall or potentially fall within the GEICO umbrella's coverage based on two undisputed facts in GEICO's possession at the time it originally disclaimed coverage: First, both the original Complaint and the First Amended Complaint in the *Venegas* Action alleged that pursuant to a Notice of Termination of Tenancy served by Defendants on March 13, 2018, the

Venegas plaintiffs vacated the property on April 21, 2018. See Doc. No. 34-2, Ex C, at ¶ 15. Second, in "Statements of Occupancy" submitted by Defendants to the San Francisco Rent Stabilization and Arbitration Board and which were both forwarded to GEICO in connection with the tender and independently obtained from the Board, Defendants certified, under penalty of perjury, that they recovered possession of the property on or before May 1, 2018. Doc. No. 34-2, Exs. D-F. Accordingly, the Court's July 11, 2019 Order Denying Defendant's Motion for Judgment on the Pleadings held "the offense was committed before the policy period, meaning, when the tenants left and when the defendants regained possession. These events happened before May 8, 2018, the effective date of the GEICO policy." Government Employees Insurance Company v. Nadkarni, 391 F. Supp. 3d 917, 928 (N.D. Cal. 2019).

Then again in the Court's November 22, 2019 Order on GEICO's Motion for Partial Summary Judgment, the Court  based its decision on the same two undisputed facts mentioned above that were in GEICO's possession at the time it originally disclaimed coverage. Consequently, the Court held, as a matter of law, that the *Venegas* Action did not fall or potentially fall within the GEICO umbrella's coverage and therefore that GEICO has no duty to defend the *Venegas* Action.  First, both the original Complaint and the First Amended Complaint in the *Venegas* Action alleged that pursuant to a Notice of Termination of Tenancy served by Defendants on March 13, 2018, the *Venegas* plaintiffs vacated the property on April 21, 2018. See Doc. No. 34-2, Ex C, at ¶ 15. Second, in "Statements of Occupancy" submitted by Defendants to the San Francisco Rent Stabilization and Arbitration Board forwarded to GEICO in connection with the tender and which GEICO also independently obtained from the Board, Defendants certified, under penalty of perjury, that they recovered possession of the property on or before May 1, 2018. Doc. No. 34-2, Exs. D-F.

Accordingly, this Court correctly held that "[t]he 'occurrence' of the eviction was demonstrably before the policy period," that GEICO had no duty to defend from the inception of the *Venegas* Action because the action raised no potential for coverage, and that none of the facts disclosed during discovery raised any possibility that the wrongful eviction extended into the policy period.  Doc. No. 50 at 14: 17.

Shortly after the Court's Summary Judgment order, the parties to the *Venegas* Action entered

1   into a settlement pursuant to which they agreed to pay the total sum of $550,000.  Wagoner Decl., ¶

2   3.) Defendants made a demand on GEICO to pay part of the settlement, which GEICO declined based

3   on the Court's November 22, 2019 Order. (Id.) Following the settlement, the Venegases dismissed the

4   action, and the Nadkarnis' defense counsel, whom GEICO had retained to defend the Nadkarnis under

5   a reservation of rights, has now closed their file.

6       By this Motion, GEICO requests judgment in its favor including (i) a judicial declaration that

7   GEICO has no duty to indemnify the Nadkarnis for any part of the *Venegas* settlement, and (ii)

8   requiring Defendants to reimburse GEICO for the defense costs it paid on their behalves under a

9   reservation of rights, as set forth and established in the Declaration of Christopher Trumpower

10  submitted in support of this Motion.

11      The relief sought by this Motion *necessarily* follow from this Court's July 11, 2019 and

12  November 22, 2019 Orders establishing that the *Venegas* Action's allegation of dispossession on April

13  21, 2018, together with Defendants' own certifications under penalty of perjury that they recovered

14  possession on or before May 1, 2020, forecloses any potential for coverage under the policy and

15  thereby excused GEICO from providing a defense.

16      Specifically, since the duty to defend is broader than the duty to indemnify, where there is no

17  duty defend, there *can be* no duty to indemnify.  Certain Underwriters at Lloyd's of London v.

18  Superior Ct., supra, 24 Cal. 4th 945, 958, 103; see also, Erickson-Hall Constr. Co. v. Scottsdale Ins.

19  Co., 369 F. Supp. 3d 1022, 1031 (S.D. Cal. 2019). Accordingly, there is no genuine issue of material

20  fact as to GEICO's Second Cause of Action (Duty to Indemnify), and GEICO is entitled to summary

21  judgment.

22      Further, since GEICO had no duty to defend the *Venegas* Action as a matter of law,

23  Defendants would be unjustly enriched and GEICO damaged if Defendants are permitted to retain the

24  benefit of the defense costs which GEICO paid on their behalves in the *Venegas* Action.  Since

25  GEICO paid those defense costs under a full and complete reservation of rights, no genuine issue of

26  material fact exists as to GEICO's right to be reimbursed for the defense costs paid by GEICO

27  (including prejudgment interest from the time of payment) and GEICO is entitled judgment as a

28  matter of law on the Third (and final) Cause of Action. Scottsdale v. MB Transportation 36 Cal. 4th

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5                                    Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

643 (2005); see also Buss v. Superior Court, 16 Cal. 4th 35, 51 (1997) (insurer entitled to reimbursement for payment of "unbargained-for defense costs"); Evanston Ins. Co. v. OEA, Inc., 566 F.3d 915, 922 (9th Cir. 2009) (prejudgment interest awardable "from the time the funds were expended").

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    The Facts Alleged In The Complaint Of The Underlying *Venegas* Action And The Facts Made Available To GEICO In Connection With The Defendants' Tender Establish The Wrongful Eviction Took Place Prior To The Inception Of The GEICO Policy

▪    Underlying plaintiffs filed the *Venegas* Action November 7, 2018, and the Nadkarnis tendered the Action under the GEICO Policy on or about November 12, 2018. Trumpower Decl., October 17, 2019 Motion (Doc. No. 34-2) Ex. B at 7; Ex. C.

▪    At the time GEICO initially disclaimed coverage on December 14, 2018, only the original Complaint in the *Venegas* Action had been filed alleging that on March 13, 2018, Defendants served the *Venegas* plaintiffs a Notice of Termination of Tenancy. Trumpower Decl., October 17, 2019 Motion (Doc. No. 34-2), Ex. C at ¶ 15.

▪    The Notice of Termination of Tenancy provided that the Defendants and their minor children would be moving into the Subject Unit and that Plaintiffs must vacate. Id. at Ex. C at ¶ 15.

▪    Allegedly, however, Defendants never moved into the unit. The *Venegas* complaint also alleges that Defendants "endeavored to recover possession of the Subject Unit from Plaintiffs and did recover possession from Plaintiffs without following the provisions of the Rent Ordinance." Id. at Ex. C at ¶ 26.

▪    Pursuant to the Notice of Termination of Tenancy served by Defendants, the *Venegas* plaintiffs allegedly vacated the subject San Francisco property on April 21, 2018. Id. at Ex. C at ¶ 15.

▪    In connection with the tender of their claim, Renuka Nadkarni confirmed to GEICO via email that they had filed a statement of occupancy with the San Francisco Rent Control Board. Id. at ¶ 5; Ex. D.

▪    Consistent with these representations, GEICO obtained copies of the multiple "Statements of Occupancy" filed on Defendants behalf with the San Francisco Residential Rent

Stabilization and Arbitration Board. Id. at ¶ 5; Ex. E.

▪   The "Statements of Occupancy" filed on June 11, 2018 and November 8, 2018 both indicate that the notice to vacate the subject premises was served on "3/16/18" and that Defendants "recovered possession" of the premises on "5/1/2018." Id. at Ex. E at 2; at Ex. F at 2.

▪   The "Statement of Occupancy" filed on June 11, 2018 provides that the "notice to vacate was served on 13th March 2018" and that Defendants "recovered possession on 30th April 2018." Id. at Ex. G at 2.

▪   Based only on the allegations of original Complaint in the *Venegas* Action and the facts provided in connection with the tender of Defendants' claim, GEICO denied coverage on December 4, 2018. Id. at Ex. H.

**B.**   **The Facts Uncovered After GEICO's Denial Letter Corroborate The Allegations In The Underlying *Venegas* Action And Show That The Wrongful-Eviction Occurred Prior To The GEICO Policy Period**

After receipt of GEICO's disclaimer letter, Defendants' counsel sent correspondence requesting that GEICO reconsider its coverage determination, which in turn led to further investigation and the acquisition of information by GEICO which confirmed the allegations of the original Complaint and further justified GEICO's declination of coverage. Id. at Ex. I.

▪   Defendants owned the property at 2039 Judah Street, San Francisco ("the Property") at all relevant times. Wagoner Decl., October 17, 2019 Motion (Doc. No. 34-1) Ex. I at 8:23; 10:11; Trumpower Decl., October 17, 2019 Motion (Doc. No. 34-2) Ex. D at 1.

▪   The *Venegas* plaintiffs rented the Property in 2008 and Defendants inherited the tenancy at the time they purchased the property in 2016. Wagoner Decl., October 17, 2019 Motion (Doc. No. 34-1) Ex. J; Ex. I at 8:23; 14-15.

▪   Defendants inquired with the *Venegas* plaintiffs via email in January of 2018 about terminating their tenancy pursuant to a "buy out." Id. at Ex. I at 28; Ex. K; Trumpower Decl., October 17, 2019 Motion (Doc. No. 34-2) Ex. B at 5-6.

▪   On or about March 13, 2018, Defendants, having retained counsel to represent their interests in the transaction, served a 60-day Notice of Termination of Tenancy on the *Venegas* plaintiffs signed by Defendants' counsel. Wagoner Decl., October 17, 2019 Motion (Doc. No. 34-1)

1  Ex. L.

2          ▪        By check dated March 30, 2018, the *Venegas* plaintiffs paid rent for April 2018, but did

3  not pay rent for any portion of May 2018, nor did they otherwise pay rent for any time period within

4  the GEICO policy's effective period. Id. at Ex. N; Ex. I at 36:4-5; Ex. D at 3:9-14; Ex. E at 3:9-14.

5          ▪        On April 2, 2018, Rosa Venegas sent counsel for Defendants a letter dated March 31,

6  2018, requesting further relocation expenses due to the elderly status of co-tenant Epifanio Venegas

7  and stating, "I would appreciate if you send the correct amount as soon as possible [*sic*] so we can

8  relocate" and inquiring "Who do we contact if We [*sic*] relocate this month and to who we give the

9  keys?" Id. at Ex. O.

10          ▪        On April 21, 2018, Defendant Anshuman Nadkarni sent an email to Rosa Venegas,

11  seeking to schedule a "walk through" Id.

12          ▪        On April 29, 2018, Defendants met with the *Venegas* plaintiffs at the Property during

13  which meeting the *Venegas* plaintiffs surrendered their keys to Defendants and Defendants returned to

14  the *Venegas* plaintiffs their entire security deposit and the balance of their required relocation

15  expenses. Id. at Ex. D at 4:14-23; Ex. E at 4:14-23; Ex. I at 26:20-25; 27:11-12; 53:12-13.

16          ▪        Defendants recovered possession of the Property on or before May 1, 2018.

17  Trumpower Decl., October 17, 2019 Motion (Doc. No. 34-2) Ex. E at 2; Ex. F. at 2; Ex. G at 2; Ex. B

18  at 6; Wagoner Decl., October 17, 2019 Motion (Doc. No. 34-1) Ex. I, at 37:5-6: 32:15-16, 36:9-10,

19  43:7-8.

20          ▪        On December 7, 2018, Defendants' counsel sent a letter requesting GEICO's

21  reconsideration of its coverage determination. Id. at Ex. I.

22          ▪        On January 15, 2019 GEICO acceded to the Defendants' request and provided them

23  with a defense in the *Venegas* Action by way of an offer of independent defense counsel pursuant to

24  Civil Code § 2860, subject to a full reservation of rights under the terms of the GEICO Personal

25  Umbrella Policy ("PUP") and the law, including the right to obtain reimbursement of defense costs

26  incurred. Wagoner Decl., October 17, 2019 Motion (Doc. No. 34-1) Ex. B at 1.

27          **C.        The GEICO Action For Declaratory Relief**

28          GEICO filed its Complaint for Declaratory Relief on March 11, 2019 and its Amended

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8                                                      Case No. 3:19-cv-01302
GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1    Complaint on April 5, 2019. November 22, 2019 Order at 7: 20-21 (Doc. No. 50). Both sought a

2    determination of whether GEICO's umbrella insurance policy issued to the Nadkarnis required

3    GEICO to defend or indemnify the defendants in the wrongful-eviction lawsuit brought against them

4    by their former tenants in the *Venegas* Action.  November 22, 2019 Order at 1: 19-23 (Doc. No. 50).

5    GEICO's complaint has three claims: (1) a claim for declaratory relief regarding GEICO's duty to

6    defend; (2) a claim for declaratory relief regarding GEICO's duty to indemnify; and (3) a claim for

7    reimbursement. Id.

8    **D.    Defendants' Motion For Judgment On The Pleadings And The Court's Order**
     **Denying The Same**

9

10   On May 14, 2019, prior to filing an Answer on May 12, 2019, Defendants filed a Motion for

11   Judgment on the Pleadings ("MJOP") "on the ground that GEICO has a duty to defend it as a matter

12   of law." Government Employees Insurance Company v. Nadkarni, 391 F. Supp. 3d 917, 920.

13   On July 11, 2019, the Court denied Defendants' MJOP and held that the policy's offense-

14   based coverage for "wrongful eviction" only applied to occurrences during the policy period

15   commencing May 8, 2018 and thus no coverage was afforded based on the allegations in the *Venagas*

16   Complaint and First Amended Complaint.   The Court held that there was no duty to defend because

17   "the offense was committed before the policy period, meaning when the tenants left and when the

18   defendants regained possession." Id. at 928.

19   In an effort to elongate the alleged "wrongful eviction" over time and thereby extend some

20   portion of it into the policy period of the GEICO policy, Defendants argued that theoretically, the

21   "eviction" occurred at the expiration of the sixty (60) day eviction notice period. In addition,

22   Defendants argued that the eviction did not become "wrongful" for coverage purposes until

23   Defendants failed to move-in to the Property three (3) months after they recovered possession as

24   required under the San Francisco Rent Ordinance. Nadkarni, supra, 391 F.Supp.3d at 926-927.

25   In response, the Court held, based solely on the undisputed facts of the *Venegas* Complaint, the

26   First Amended Complaint, and the "Statements of Occupancy" filed with the San Francisco Rent

27   Stabilization and Arbitration Board, that the essential elements of the offense of "wrongful eviction"

28   took place "prior to the policy's inception." Nadkarni, supra, 391 F.Supp.3d at 928. In addition, citing

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9                    Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1  Swain v. California Casualty Ins. Co., 99 Cal.App.4th 1 (2002), the Court held that the 90-day "safe-
2  harbor" provision upon which Defendants relied "does not render a previous eviction 'wrongful' and
3  instead is evidence about whether the landlord was acting in good faith at the time it served the
4  eviction notice." Nadkarni, supra, 391 F.Supp.3d at 927; see also Swain, supra, 99 Cal.4th at 9-10
5  (rejecting policyholder's argument that the eviction "only became illegal after the fact when the []
6  [landlord] failed to move into the premises themselves").
7           Consequently, the Court denied Defendants' MJOP, stating GEICO has no duty to defend "on
8  the ground that the facts — as pled — showed that the eviction happened before the policy period."
9  November 22, 2019 Order at 18: 2-4 (Doc. No. 50). In its opposition to Defendants' MJOP, "GEICO
10 asked for judgment on the ground that the eviction happened before the policy period began."
11 Nadkarni, supra, 391 F.Supp.3d at 920. The Court also denied GEICO's motion for judgment, adding
12 that "[t]his order is without prejudice to GEICO's raising the arguments in a motion for summary
13 judgment." Id. at 928.

14         **E.     GEICO's Motion For Partial Summary Judgment And The Court's Order**
15                  **Granting The Same**

16         On October 17, 2019, GEICO moved for partial summary judgment on the First Amended
17 Complaint's First Cause of Action (Duty to Defend). GEICO brought the motion on the ground that
18 no genuine dispute as to any material fact existed concerning whether the GEICO Personal Umbrella
19 Policy issued to Defendants, the Nadkarnis, covered their potential liability in the underlying *Venegas*
20 Action for wrongful eviction filed against them because the wrongful eviction took place prior to the
21 inception of the policy. In opposition, the Defendants contended that GEICO was unable to prove that
22 the exact date on which the wrongful eviction occurred was prior to the policy period and that "the
23 provable facts are that the eviction was during a period that overlapped the policy period." November
24 22, 2019 Order at 2: 3-5 (Doc. No. 50). Thus, according to Defendants, GEICO "has a duty to defend
25 under California law (a duty broader than the duty to indemnify) because there is a possibility that the
26 policy covers a claim." November 22, 2019 Order at 2: 5-7 (Doc. No. 50).
27         In response, the Court's order stated that "the policy covers 'occurrences' during the policy
28 period. It is offense-based coverage, and the event 'triggering coverage' for covered offenses (here,

1   the wrongful eviction) 'is the commission of the specified offense during the policy period."

2   November 22, 2019 Order at 11: 16-20 (Doc. No. 50) citing Mez Indus., Inc. v. Pac. Nat'l Ins. Co., 76

3   Cal. App. 4th 856, 865 (1999); also citing Street Surfing, LLC v. Great Am. E & S Ins. Co., 776 F.3d

4   603, 610 (9th Cir. 2014). The Court further stated that "wrongful eviction is a discrete tort, and the

5   offense is the injury." November 22, 2019 Order at 11: 20-22 (Doc. No. 50); see also Swain v.

6   California Cas. Ins. Co., 99 Cal. App. 4th 1, 10; Menefee v. Ostawari, 228 Cal. App. 3d 239, 246

7   (1991). In addition, the Court stated that "[t]he events constituting and completing an eviction under

8   California law are: (i) the owners' service of an eviction notice; (ii) the tenants' departure pursuant to

9   the notice; and (iii) the owners' repossession of the premises after the tenants' departure." November

10  22, 2019 Order at 11: 22-23; 12: 1-2 (Doc. No. 50). The court found that all relevant dates "…precede

11  the policy period and have legal significance (meaning, they are dates that define the occurrence)."

12  November 22, 2019 Order at 12: 8-9 (Doc. No. 50).

13      The Court relied on facts alleged in the *Venegas* Complaint, First Amended Complaint, and the

14  facts that were provided to GEICO upon Defendants' tender as the basis for finding that because the

15  wrongful eviction occurred prior to the policy period, there was no potential for covered liability

16  alleged.  Specifically, the Court found that "[o]n March 13, 2018, [Defendants] served the tenants with

17  a '60 Day Notice of Termination of Tenancy.'" November 22, 2019 Order at 2: 17 (Doc. No. 50).  In

18  addition, the Court found that "[o]n April 21, 2018, the defendants emailed [Rosa Venegas] to

19  schedule a walk-through of the property the next day. The former tenants apparently vacated the unit

20  on April 21, 2018." November 22, 2019 Order at 2: 19, 3: 1-2 (Doc. No. 50). Moreover, the Court

21  found that "[i]n statements filed under penalty of perjury with the San Francisco Rent Board on June

22  11, 2018 and November 8, 2018, the defendants said that they obtained possession of the property on

23  May 1, 2018." November 22, 2019 Order at 4: 4-6 (Doc. No. 50).

24      Based on the allegations of the *Venegas* Complaint, the First Amended Complaint and the

25  "Statements of Occupancy" filed with the San Francisco Rent Stabilization and Arbitration Board,

26  there was never a duty to defend to begin with and the later discovered evidence only confirmed what

27  was established in the *Venegas* complaints. This later discovered evidence included the corroborating

28  fact that "the defendants admitted at deposition… that they repossessed the property before they

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1  purchased the policy on May 7, 2018." November 22, 2019 Order at 13: 16-18 (Doc. No. 50). In this

2  regard, Ms. Nadkarni explained in her deposition that she purchased the GEICO policy which

3  included wrongful eviction coverage for "any kind of eviction issues," but that "she did not anticipate

4  a wrongful eviction lawsuit from the tenants on the purchase date of the policy because the defendants

5  'had successfully completed [their] owner move-in.'" November 22, 2019 Order at 4: 9-11 (Doc. No.

6  50). In addition, the Court pointed out that Defendants failed to demand any rent for May and that

7  Defendants took possession on April 29, 2018 when the security deposit and additional relocation

8  expenses were delivered and the *Venegas* tenants surrendered their keys. November 22, 2019 Order at

9  3: 2-5 (Doc. No. 50).

10       The Court concluded that, "[t]he 'occurrence' of the eviction was demonstrably before the

11  policy period" starting on May 8, 2018. Id. at 14: 17. Thus, the Court "grant[ed] GEICO's motion for

12  summary judgment on claim one and [held] that as a matter of law, GEICO had no duty to defend

13  here." Id. at 16: 2-3.

14       **F.       The Underlying *Venegas* Action Has Now Settled And GEICO Has Expended**
         **Funds For Defendants' Counsel**

15

16       ▪       On November 26, 2019, the underlying *Venegas* Claim settled pursuant to an

17  agreement by which the defendants agreed to pay the Venegases the total sum of $550,000. Wagoner

18  Decl., ¶ 3.

19       ▪       GEICO declined to contribute any amount towards the settlement based on the Court's

20  November 22, 2019 Order. Wagoner Decl., ¶ 3.

21       ▪       Defense counsel submitted invoices to GEICO for fees and costs incurred in the

22  defense of the Nadkarnis in the *Venegas* Action and GEICO paid those invoices. Trumpower Decl.,

23  October 17, 2019 Motion (Doc. No. 34-2) Ex. D at 1.

24       ▪       Total defense fees and costs which GEICO paid in defending the insureds in the

25  *Venegas* Action are $43,783.07. Trumpower Decl., October 17, 2019 Motion (Doc. No. 34-2) Ex. D at

26  1. This total is derived from individual invoices submitted by defense counsel in the underlying

27  *Venegas* Action to GEICO, all of which are attached to the Declaration of Cristopher Trumpower.

28  Trumpower Decl., Exs. A-H. GEICO's proofs of payment for the individual invoices submitted by

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1  defense counsel in the underlying *Venegas* Action are also attached to the Declaration of Cristopher

2  Trumpower. Id.

3  **III.    ARGUMENT**

4      **A.    Applicable Legal Standards**

5          **1.    Summary Judgment**

6      "A party may move for summary judgment, identifying each claim or defense – or the part of

7  each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court

8  shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

9  fact and the movant is entitled to judgment as a matter of law." Id.

10      The moving party has the initial burden to demonstrate an absence of a genuine issue of

11  material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material only if its

12  resolution will affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

13  (1986). Once the moving party has satisfied this initial burden, the non-moving party must then

14  "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v.

15  Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). If the non-moving party fails to "make a showing sufficient

16  to establish the existence of an element essential to that party's case, and on which the party will bear

17  the burden of proof at trial," judgment against him is appropriate. Celotex, supra, 477 U.S. at 322.

18  This being a diversity case, California law applies to the substantive issues raised in this motion. Am.

19  Triticale, Inc.v. Ntco Services, Inc., 664 F.2d 1136, 1141 (9th Cir. 1981).

20      **B.    Since GEICO Has No Duty To Defend Because The Eviction Occurred Prior To
21         Its Policy's Inception, It Follows That It Can Have No Duty To Indemnify**

22          **1.    Duty to Indemnify**

23      Under California law, the burden of proof in establishing that coverage exists for a particular

24  loss lies with the insured. Buss v. Superior Court, 16 Cal.4th 35, 46; Armstrong World Industries, Inc.

25  v. Aetna Casualty & Surety Co., 45 Cal.App.4th 1, 108 (1996). Unlike the duty to defend, the duty to

26  indemnify is triggered by "claims that are actually covered, in light of the facts proved." Buss, supra,

27  16 Cal. 4th at 45; see also Safeco Ins. Co. of Am. v. Superior Court, 140 Cal. App. 4th 874, 880

28  (2006); Golden Eagle Ins. Corp. v. Rocky Cola Cafe, Inc., 94 Cal. App. 4th 120, 125 (2001). There is

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1  "no duty to pay for noncovered claims because the insured did not pay premiums for such coverage."

2  Blue Ridge Ins. Co. v. Jacobsen, 25 Cal. 4th 489, 502–03 (2001), opinion after certified question

3  answered, 10 F. App'x 563 (9th Cir. 2001); quoting Buss, supra, 16 Cal.4th at pp. 50, 51.

4  "The duty to indemnify and the duty to defend are 'correlative.'" Erickson-Hall, 369 F. Supp.

5  3d 1022, 1031 (S.D. Cal. 2019); see also Certain Underwriters at Lloyd's of London v. Superior Ct.,

6  24 Cal. 4th 945, 958, 103. Although correlative, however, "the duty to indemnify and the duty to

7  defend are not 'coterminous.'" Certain Underwriters, supra, 24 Cal. 4th App. at 958, 103. "Whereas

8  the duty to indemnify may indeed be broad, the duty to defend must perforce be broader still, .... With

9  this result: where there is a duty to defend, there may be a duty to indemnify; but where there is no

10  duty to defend, there cannot be a duty to indemnify." Id; see also J&J Holdings, Inc. v. Great Am.

11  E&S Ins. Co., 2019 WL 7169789, at *5 (C.D. Cal. 2019) ("In the absence of a duty to defend, no duty

12  to indemnify exists."); see also Phase II Transportation, Inc. v. Carolina Casualty Insurance Company,

13  228 F. Supp. 3d 999, 1008 (C.D. Cal. 2017) (finding that no "duty to indemnify can be triggered

14  through settlement when there are no covered claims alleged in the pleadings").

15
16        a.      **GEICO Cannot Have A Duty To Indemnify Where The Court Has Already Held There Is No Duty To Defend As A Matter Of Law**

17  The duty to indemnify "arises after liability is established" and "requires the insurer to

18  'indemnify claims that are covered by the policy.'" Harper Construction Company, Inc. v. National

19  Union Fire Insurance Company of Pittsburgh, PA, 377 F. Supp. 3d 1134, 1142 (S.D. Cal. 2019); citing

20  Risely v. Interinsurance Exchange of the Automotive Club, 183 Cal. App. 4th 196, 208 (2010).

21  In opposition to Defendants' Motion for Judgment on the Pleadings, the Court's holding was

22  based on both the allegations in the *Venegas* pleadings and the Statements of Occupancy filed with the

23  San Francisco Rent Stabilization and Arbitration Board which established that there was never any

24  potential for coverage and thus, no duty to defend. All of the facts later discovered only confirmed

25  this. Defendants have been unable to meet their burden of showing that their claim is covered because

26  from the inception of the *Venegas* Action, the pleadings proved that the wrongful eviction occurred

27  prior to the inception of the GEICO policy. November 22, 2019 Order at 12: 3-5 (Doc. No. 50). The

28  Court found that all relevant dates that defined the occurrence were as follows:

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1        (1) March 13, 2018 (when the defendants served the notice of

2        termination of tenancy; (2) April 21, 2018 (when the tenants vacated

3        the property; (3) April 29, 2018 (when the tenants surrendered their

4        keys and the defendants took possession of the property); and (4) May

5        1, 2018, when the defendants regained possession of the property.

6  Id.

7        The Court held that "the 'occurrence' of the eviction was demonstrably before" May 8, 2019,

8  the policy's effective date. Id. at 14: 17; 12: 21). This holding was based solely on the allegations in

9  the pleadings of the *Venegas* complaints and the facts that were provided or obtained by GEICO upon

10  Defendants' tender.  Therefore, the Court granted "GEICO's motion for partial summary judgment on

11  claim one and [held] that as a matter of law, GEICO had no duty to defend." Id. at 16: 2-3. From the

12  holding that GEICO does not have a duty to defend, it clearly follows that GEICO cannot owe a duty

13  to indemnify the Defendants in the *Venegas* Action. Erickson-Hall, supra, 369 F. Supp. 3d at 1031.

14          **b.**    **The Court Was Correct In Holding GEICO Has No Duty To Defend**

15

16        "An insurer ... bears a duty to defend its insured whenever it ascertains facts which give rise to

17  the potential of liability under the policy." Gray v. Zurich Insurance Co. 65 Cal.2d 263, 276-277

18  (1966). However, "'where there is no possibility of coverage, there is no duty to defend . . .'" Fire

19  Insurance Exchange v. Abbott 204 Cal.App.3d 1012, 1029 (1988), quoting State Farm Fire & Cas. Co.

20  v. Superior Court 191 Cal.App.3d 74, 77 (1987).) "[T]he insurer need not defend if the third party

21  complaint can by no conceivable theory raise a single issue which could bring it within the policy

22  coverage." Gray, supra, 65 Cal.2d at p. 276, fn. 15.

23        According to the complaint in the V*enegas* Action, the *Venegas* plaintiffs vacated the Property

24  pursuant to the Notice of Termination of Tenancy after Defendants asserted that they and their minor

25  children intended to move into the Property. However, Defendants never moved into the unit, yet

26  regained possession of the Property. At the time they recovered possession of the Property on or

27  before May 1, 2018, Defendants did not have offense-based liability insurance coverage for "wrongful

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1   eviction." Rather, Defendants purchased the GEICO policy on May 7, 2018 at approximately 10:05

2   p.m.

3       The GEICO policy's coverage for injury arising out of "wrongful eviction," like its coverage

4   for malicious prosecution, invasion of privacy, and defamation, is *offense-based coverage.* The event

5   "triggering coverage" for covered "offenses" "is the commission of the specified offense during the

6   policy period." <u>Mez Indus., Inc. v. Pac. Nat. Ins. Co.</u>, 76 Cal.App.4th 856, 865, (advertising injury);

7   <u>Street Surfing, LLC v. Great American E & S Ins. Co.</u>, 776 F.3d 603, 610, (same). Here, in order to

8   trigger coverage, the Defendants would have to prove the completion of the wrongful eviction took

9   place during the policy period. However, according to the complaint in the *Venegas* Action alone, the

10  wrongful eviction was clearly complete before the inception of the GEICO policy on May 8, 2018.

11      The policy is triggered by covered *injury* occurring within the policy period. <u>Trumpower</u>

12  <u>Decl.</u>, October 17, 2019 Motion (Doc. No. 34-2) Ex. A at 7 (Pt. IV, § 8). For purposes of insurance

13  coverage, the courts have held that the essential injury caused by an eviction is the *dispossession* of

14  the tenant from the property. <u>Cunningham v. Universal Underwriters</u>  98 Cal.App.4th 1141, 1149

15  (2002) (citing dictionary definitions and holding that "an eviction requires that a person first be in

16  actual possession of real property, and then be removed from that property"); <u>see also</u>  <u>GEICO v.</u>

17  <u>Nadkarni</u>,391 F.Supp.3d 917, 927, <u>supra</u>, (citing <u>Cunningham</u> for the proposition that "physical

18  dispossession is the *sine qua non* of eviction"). According to the *Venegas* Complaint, pursuant to the

19  Notice of Termination dispossession took place on April 21, 2018. The San Francisco Rent Ordinance

20  under which the Venegases sued predicates liability on a landlord "*endeavor[ing] to recover*

21  *possession* of a rental unit" for unauthorized purposes. S.F. Admin. Code § 37.9(a)(8) (emphasis

22  added). This occurred when the Nadkarnis served the Notice of Termination of March 13, 2018.

23  <u>Menefee</u>, <u>supra</u>, 228 Cal.App.3d at p. 246 (tenant suing under S.F. Rent Ordinance "was damaged at

24  the time of service of the 30-day notice"). Construed broadly in favor of the insureds, the events

25  constituting and completing an eviction are: (i) the owners' service of the eviction notice, (ii) the

26  tenants' departure pursuant to the notice, and (iii) the owners' repossession of the premises after the

27  tenants' departure. <u>See</u> Doc. No. 50 at 12:3-5; <u>Swain</u>, <u>supra</u>,  99 Cal.App.4th at p. 10.

28

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16                                          Case No. 3:19-cv-01302
GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

Here, no part of the eviction took place in the policy period under any of these standards. Based only on the allegations of the *Venegas* complaints and the facts that were provided to GEICO upon Defendants' tender, Defendants served the Notice of Termination of Tenancy on March 13, 2018; then on April 21, 2018 the *Venegas* tenants vacated the premise pursuant to the Notice; and on May 1, 2018, Defendants recovered possession of the property after the tenants' departure. Between the allegations of the *Venegas* complaints and the other evidence available to GEICO which it obtained during its initial investigation, all three of the key events that amount to an eviction occurred prior to the policy's inception. Therefore, the *Venegas* Action never fell within the GEICO's policy's coverage for "wrongful eviction" because the eviction demonstrably occurred prior to the policy period.

Based only on the allegations of the *Venegas* complaints and the facts known to GEICO upon defendants' tender, the Court was correct in holding there is absolutely no potential for coverage and that GEICO did not have a duty to defend the Defendants in the underlying *Venegas* Action. The evidence developed during discovery only confirmed that there was never a duty to defend. Thus, there cannot be a duty to indemnify Defendants for the underlying *Venegas* Action where there was no potential of a covered claim alleged in the pleadings and thus no duty to defend existed.

Based on the foregoing, there is no genuine issue of material fact as to GEICO's Second Cause of Action (Duty to Indemnify), and GEICO is entitled to summary judgment as to that claim.

C.   **GEICO Has A Right To Reimbursement As It Funded The Defense Of The *Venegas* Action On Behalf Of Its Insured Under A Full And Complete Reservation Of Rights And The Claims In The *Venegas* Action Were Not Even Potentially Covered**

1.   **An Insurer's Right To Reimbursement**

For an insured's claim that is "at least potentially covered" under an insurance policy, the insurer has a duty to defend and therefore "may not seek reimbursement for defense costs." Buss, supra, 16 Cal. 4th at 49. This is true because the "insurer has been paid premiums by the insured" and has "bargained to bear these [defense] costs." Id. Therefore, the insurer does not have a right to reimbursement implied in law where a potential for coverage exists. Id. "Under the law of restitution, a right of this sort runs against the person who benefits from 'unjust enrichment' and in favor of the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

person who suffers loss thereby." Id.; quoting Rest., Restitution § 1, coms. a, c, & d, at pp. 12 & 13; accord, Rest.2d Restitution (Tent. Draft No. 1, Apr. 5, 1983) § 1, pp. 8-9.). Where potential for coverage exists, there is no reimbursement implied in law because the insurer suffers no loss when fulfilling their obligation under the policy to bear the "bargained-for defense costs," therefore the insured cannot be "unjustly enriched" from the insurer paying such costs. Id. at 50.

On the other hand, where there are no potentially covered claims, the "insurer may indeed seek reimbursement for defense cost." Id. This is true because the insurer has no duty to defend claims that are not potentially covered and the insurer has not received premiums for such coverage by the insured. Id. at 51.

An "insurer can reserve its right of reimbursement for defense costs by itself," the "right is the insurer's alone, [and] it may be reserved by it unilaterally, without the insured's agreement." Id. at 61; quoting Walbrook Ins. Co. Ltd. v. Goshgarian & Goshgarian, 726 F.Supp. 777, 783 (C.D.Cal.1989); see also Scottsdale Ins. Co. v. MV Transportation, 36 Cal. 4th 643, 656 (2005) ("the insurer may unilaterally condition its proffer of a defense upon its reservation of a right later to seek reimbursement of costs advanced to defend claims that are not, and never were, potentially covered by the relevant policy."). However, "[t]o the extent that this right is implied in law as quasi-contractual, it must indeed be reserved." Buss, supra, 16 Cal. 4th at 61; quoting Cf. 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 92, p. 123 (stating that, "[i]n an action in quasi-contract ..., a demand is ordinarily a necessary prerequisite."). "As stated, under the law of restitution such a right runs against the person who benefits from 'unjust enrichment' and in favor of the person who suffers loss thereby." Id. Where the insurer pays defense costs and there is no potential for coverage, the insured is unjustly enriched by the "insurer's bearing of unbargained-for defense costs." Id. "Not only is it good law that the insurer may seek reimbursement for defense costs as to the claims that are not even potentially covered, but it also makes good sense." Id. at 52.

In Scottsdale, the insurer advanced defense costs for a third party suit between Plaintiff, Laidlaw Transit Services, Inc. (Laidlaw), and Defendant, MV Transportation (MV). Scottsdale, supra, 36 Cal. 4th at 650. Laidlaw alleged, inter alia, that MV had misappropriated trade secrets by using Laidlaw's confidential information. Id. Based on the holding in Buss, even though Scottsdale believed

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

its defense obligation was not triggered, it agreed to provide the defense under a reservation of its right to recover defense costs expended in defending "causes of action which raise no potential for coverage." Scottsdale, supra, 36 Cal. 4th at 651. Thereafter, Laidlaw and MV reached a settlement which required MV to return documents containing allegedly misappropriated confidential information and cease from using such information in the future. Id. at 651. MV was not obligated to pay money to Laidlaw under the settlement agreement.  However, attorney fees and defense costs were incurred. Id.

Following the settlement, in its pending declaratory relief action, Scottsdale "moved for summary judgment seeking a determination that it owed no legal defense obligations, and seeking reimbursement of the full amount paid for defense costs and fees." Id. at 651-652. In the Supreme Court's view, the Court of Appeal properly concluded that the policy issued did not provide MV coverage for their "improper use of Laidlaw's trade secrets." Id. at 653. However, the Supreme Court further explained that the Court of Appeal had incorrectly "ruled that Scottsdale could not recover fees and costs previously advanced toward MV's defense" because Scottsdale's "defense duty arose and continued until 'extinguished' by a judicial determination that no potential for coverage existed." Id. The Court of Appeal's view was that the "reimbursement claim was an unavailing attempt to terminate its defense duty 'retroactively.'" Id. In reversing the Court of Appeal's holding denying Scottsdale's right to reimbursement, the Supreme Court identified the distinction between the underlying facts of Scottsdale and those that lead to the holding in Buss.

As explained in Buss, supra, 16 Cal.4th 35, 65, the duty to defend applies to potentially covered claims based on the facts alleged or disclosed. Scottsdale, supra, 36 Cal. 4th 643, 657. Where the duty to defend has arisen, the duty terminates once the action has concluded, but can be extinguished earlier where "no claim can in fact be covered." Id. "If it is so extinguished, however, it is extinguished only prospectively and not retroactively: before, the insurer had a duty to defend; after, it does not have a duty to defend further." Id. During the time the duty is in effect, "[t]he insurer must absorb all costs it expended on behalf of its insured… i.e., before the insurer established that the duty had ended." Id. at 656–57; citing to Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 295 (1993).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

19

Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

1    However, "where the third-party suit never presented any potential for policy coverage, the

2    duty to defend does not arise in the first instance, and the insurer may properly deny a defense."

3    <u>Scottsdale</u>, <u>supra</u>, 36 Cal. 4th 643, 657. Furthermore, if a defense is not denied at the outset where it

4    appears no potential coverage exists, as here, but instead the insurer decides to provide one subject to

5    a "reservation of its right to reimbursement," then "by law applied in hindsight" the "courts can

6    determine that no potential for coverage, and thus no duty to defend, ever existed." <u>Id</u>. at 658. Where

7    it is determined that no potential for coverage ever existed, "the insurer, having reserved its right, may

8    recover from its insured the costs it expended to provide a defense which, under its contract of

9    insurance, it was never obliged to furnish." <u>Id</u>.

10    In reaching this conclusion, the Supreme Court, citing <u>Buss</u>, noted "'not only is it good law

11    that the insurer may seek reimbursement for defense costs as to the claims that are not even potentially

12    covered, but it also makes good sense. Without a right of reimbursement, an insurer might be tempted

13    to refuse to defend an action in any part — especially an action with many claims that are not even

14    potentially covered and only a few that are — lest the insurer give, and the insured get, more than they

15    agreed.  With such a right, the insurer would not be so tempted, knowing that, if defense of the claims

16    that are not even potentially covered should necessitate any additional cost, it would be able to seek

17    reimbursement.'" <u>Id.</u> at 660.  The Supreme Court then went on to explain that the same obligations

18    were equally applicable in a case where an insurer never had a duty to defend to begin with but

19    nevertheless did so because the law was unsettled: "An insurer facing unsettled law concerning its

20    policy's potential coverage of the third party's claims should not be forced to either to deny defense

21    outright, and risk a bad faith suit by the insured, or to provide a defense where owes none without any

22    recourse against the insured for costs thus expended.  The insurer should be free, in an abundance of

23    caution, to afford the insured a defense under a reservation of rights, with the understanding that

24    reimbursement is available if it is later established, as a matter of law, that no duty to defend ever

25    arose." <u>Id</u>. at 66.

26    ///

27    ///

28    ///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20                                    Case No. 3:19-cv-01302

GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

### 2. An Insurer Is Entitled To Prejudgment Interest From The Time The Funds Were Expended

Under California Civil Code § 3287(a), "a person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested upon the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor, from paying the debt." Under this section, it is well-established that "prejudgment interest is available to every person who is entitled to recover damages that are certain." Evanston, supra, 566 F.3d 915, 921. "California cases uniformly have interpreted the 'vesting' requirement as being satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined. Id., quoting Hartford Accident & Indem. Co. v. Sequoia Ins. Co., 211 Cal.App.3d 1285, 1291 (1989) (awarding prejudgment interest of 7% from the date plaintiff paid to settle a claim in full even though the defendants' legal liability obligating them to contribute to the settlement was not established until the entry of summary judgment). Thus, where an insurer is "entitled to reimbursement for the funds expended for the defense… of the lawsuits," the insurer may also be entitled to "prejudgment interest from the time the funds were expended." Hartford, supra, 211 Cal.App.3d at 1291.

### 3. GEICO Has A Right To Reimbursement Because Defendants' Wrongful Eviction Took Place Prior To The Inception Of The Policy Period, There Was No Potential For Coverage, And GEICO Reserved Its Right To Reimbursement

There is no genuine issue of material fact regarding whether GEICO is entitled to reimbursement of defense costs. In the Court's order granting GEICO's Motion for Partial Summary Judgment, the Court held that "[t]he 'occurrence' of the eviction was demonstrably before the policy period" and "that as a matter of law, GEICO had no duty to defend here." November 22, 2019 Order at 14: 17; 16: 2-3. This holding was based on the allegations of the *Venegas* complaints and the facts obtained by GEICO upon defendants' tender, which established that on March 13, 2018, Defendants served the Notice of Termination of Tenancy; that on April 21, 2018 the *Venegas* tenants vacated the premise pursuant to the Notice; and that on May 1, 2018, Defendants admitted to having recovered possession of the property after the tenants' departure. The three key events that completed the

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   eviction were present in the allegations of the *Venegas* complaints and the Statements of Occupancy

2   filed with the San Francisco Rent Stabilization and Arbitration Board, demonstrating that the eviction

3   indisputably occurred prior to the policy's inception and therefore there was no potential for coverage

4   for the underlying *Venegas* Action. The additional evidence discovered in this case only corroborated

5   what was alleged in the *Venegas* complaints and further confirmed that there was never any potential

6   of coverage.

7        GEICO unilaterally reserved its right to reimbursement by way of its January 15, 2019

8   reservation of rights letter addressed to Mr. and Ms. Nadkarni and the same reservation of rights was

9   also reiterated in a letter dated February 4, 2019 to Defendants' attorney Mr. Campo, which stated in

10  pertinent part that:

11             On January 15, 2019 GEICO acceded to the Nadkarnis' request and

12             agreed to provide them with a defense in the *Venegas* Action via

13             independent defense counsel pursuant to Civil Code § 2860, subject to

14             a full reservation of rights under the terms of the GEICO PUP and the

15             law, including the right to obtain reimbursement of defense costs

16             incurred.

17  Wagoner Decl., October 17, 2019 Motion (Doc. No. 34-1) Ex. B at 1.

18       GEICO, under a full reservation of rights, expended funds for the defense of the Defendants,

19  albeit having no duty to defend. To date, GEICO has expended a total of $43,783.07 directly to the

20  defense of Defendants' claims in the underlying *Venegas* Action. Trumpower Decl., October 17, 2019

21  Motion (Doc. No. 34-2) Ex. D at 1. It is clear from the allegations of the *Venegas* complaints and the

22  facts that were provided to GEICO upon Defendants' tender that GEICO had no duty to defend

23  because all relevant dates of the wrongful eviction took place before the inception of the GEICO

24  policy on May 8, 2018. Thus, GEICO "acting under a reservation of rights, defended an action in

25  which, as it turns out, no claim was ever potentially covered." Scottsdale, supra, 36 Cal. 4th at 658-

26  659. Nevertheless, GEICO was "free, in an abundance of caution to afford the insured a defense under

27  a reservation of rights, with the understanding that reimbursement is available if it is later established,

28  as a matter of law, that no duty to defend ever arose." Id. at 660.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

22                                    Case No. 3:19-cv-01302
GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT

In summary, GEICO agreed to fund the defense of the *Venegas* Action on behalf of its insureds under a full and complete reservation of rights, it was determined by the Court that no potential for coverage exists, and therefore, if the Court does not order Defendants to reimburse GEICO for such costs, Defendants will be unjustly enriched by the "insurer's bearing of unbargained-for defense costs." Buss, supra, 16 Cal. 4th at 51. For the forgoing reasons, no genuine issue of material fact exists regarding whether GEICO is entitled to reimbursement of the defense costs. GEICO is entitled to reimbursement of the defense costs expended under the California Supreme Court's holding in Scottsdale, supra, 36 Cal. 4th 643.

In addition, being that GEICO is entitled to reimbursement of the costs expended for the Nadkarni's defense in the underlying *Venegas* Action, so too is it entitled to "prejudgment interest from the time the funds were expended." Evanston, supra, 566 F.3d at 922.

## IV.   CONCLUSION

There are no genuine issues of material fact to preclude entry of summary judgment in this matter. Based solely on the allegations in the *Venegas* complaints and Statements of Occupancy filed with the San Francisco Rent Stabilization and Arbitration Board, no potential for covered liability under the GEICO policy ever existed for the wrongful eviction claim because all relevant dates occurred prior to the inception of the GEICO policy period. On March 13, 2018 the Defendants served the notice of termination of tenancy.  Pursuant to the notice, the *Venegas* tenants vacated the property on April 21, 2018.  The Statement of Occupancy filed with the San Francisco Rent Stabilization and Arbitration Board on June 11, 2018 and November 8, 2018 by the Nadkarnis both indicated that they recovered possession of the premises on May 1, 2018. Because the allegations in the *Venegas* pleadings coupled with the Statements of Occupancy proved there was never any potential for covered liability falling within the scope of the coverage afforded by the GEICO Umbrella policy, there was never a duty to defend. Since GEICO never had a duty to defend, thus GEICO cannot have a duty to indemnify the Nadkarnis. Furthermore, GEICO agreed to fund the Defendants' defense under a reservation of its right to reimbursement of defense costs expended in the *Venegas* Action, an action in which, as it turns out, never presented any potential for covered liability. Thus, no genuine issues of material fact exist regarding GEICO's right to reimbursement and GEICO is therefore entitled to

1  reimbursement of the defense costs paid. In addition, GEICO is entitled to prejudgment interest

2  accruing from the time the funds were expended.

3         Thus, GEICO is entitled to judgment as a matter of law regarding its First Amended

4  Complaint's Second Cause of Action for Indemnity and Third Cause of Action for Reimbursement

5  pursuant to Federal Rules of Civil Procedure, Rule 56, and Civil Local Rules, Rule 56.1.

6

   Dated: March 18, 2020                          McCORMICK, BARSTOW, SHEPPARD,
7                                                       WAYTE & CARRUTH LLP

8

9
                                           By:_____
10                                                     James P. Wagoner
                                                       Aaron T. Knapp
11                                              Attorneys for Plaintiff GOVERNMENT
                                                EMPLOYEES INSURANCE COMPANY
12

13

14  6711125.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

24                                           Case No. 3:19-cv-01302
GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT